Filed 10/15/20  P. v. Parker CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONALD PARKER,<br><br>    Defendant and Appellant. | A159440<br><br>(Sonoma County<br>Super. Ct. No. SCR-654799) |

Donald Parker appeals the denial of a petition under Penal Code section 1170.95,[1] which enables persons convicted of murder under theories of accomplice liability invalidated by Senate Bill No. 1437 (SB 1437) to seek resentencing. He contends that the trial court erred by denying his petition without holding an evidentiary hearing at which he could testify to his state of mind during the robbery in which his codefendant fatally shot the victim. The court summarily denied the petition because the jury had made the special-circumstance finding—in reality, two included findings—that Parker (1) was a major participant in the robbery who (2) acted with reckless indifference to human life. Those findings match, verbatim, the findings now required by SB 1437 to support a felony-murder conviction of one who aids and abets a killing. This court's opinion affirming Parker's conviction on

---

[1] All statutory references are to the Penal Code.

1

appeal held that the record contains substantial evidence to support the jury's finding.

Nonetheless, we conclude that the trial court erred in relying on the jury's finding to summarily deny the petition. The jury made that finding before our Supreme Court clarified and narrowed the meaning of "reckless indifference" in *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). The jury's pre-*Clark* finding should not foreclose the possibility that, under the clarified standard and upon consideration of additional evidence, the trier of fact would find that Parker did not act with reckless indifference, as defined in *Clark*. We therefore will reverse the order denying the petition and remand with instructions to issue an order to show cause.

### Factual and Procedural History

This court affirmed the convictions of Parker and of David Espinal—the actual killer—in *People v. Espinal* (Feb. 20, 2019, A146411 & A147074 [nonpub. opn.]). Our opinion describes how Parker and Espinal lured the victim, Max Weinreb, to a motel room to rob him, on the pretext of purchasing drugs from him.

Parker asked Weinreb to sell him 10 pounds of marijuana, and Weinreb called a man named Noe who could supply that amount. Noe testified that he, Weinreb, and Parker went to a motel room where Espinal was waiting. In the room, Parker opened the curtains and window. When Weinreb asked for the money to purchase the marijuana, Espinal looked at Parker and said, "You ready, bro?" Parker replied affirmatively. Espinal lifted his shirt and reached into his waistband. Fearing a robbery, Noe screamed and fled the room. He heard shots, and later returned to find Weinreb's body. Espinal fired the fatal shots, and he and Parker fled with the drugs, without checking on Weinreb's condition. An ensuing search of the room revealed a roll of duct tape bearing

2

Parker's fingerprint under a pillow, which the prosecution argued showed that Parker anticipated violence.

Parker did not testify at trial, but Espinal did. He admitted having shot Weinreb but claimed to have done so in self-defense after Noe's scream led Weinreb to try to draw his own gun. Espinal described how, after the shooting, he and Parker leapt out the window with the bag of marijuana, ran to their car, and fled.

The jury found Espinal and Parker guilty of first degree murder (§ 187, subd. (a)) and found true the special-circumstance allegation that the murder occurred while Parker was engaged in a robbery in which he was a major participant and acted with reckless indifference to human life (§ 190.2, subd. (a)(17)).[2] The court therefore sentenced Parker (and Espinal) to life in prison without possibility of parole, and they appealed.

This court affirmed. We held that substantial evidence supported the special-circumstance finding against Parker. As discussed in our opinion, the jury was instructed with CALCRIM No. 703. As here relevant, that instruction provided at the time of trial only that to prove the robbery-murder special-circumstance allegation as to a defendant who was not the actual killer, "the People must prove either that the defendant intended to kill, or . . . all of the following: [¶] 1. . . . [¶] 2. The defendant was a major participant in the crime; [¶] AND [¶] 3. When the defendant participated in the crime, he . . .acted with reckless indifference to human life." The

---

[2] Under subdivision (b) of section 190.2, "every person, not the actual killer, who, with reckless indifference to human life and as a major participant," aids or abets the commission of a qualifying felony resulting in death, and is found guilty of first-degree murder, "shall be punished by death or life in prison without the possibility of parole" if the jury finds true a special circumstance listed in subdivision (a). Those circumstances include robbery. (*Id.*, subd. (a)(17).)

3

instruction also stated that "[a] person acts with reckless indifference to human life when he . . . knowingly engages in criminal activity that he knows involves a grave risk of death" (*ibid.*)—a definition to which the court added, "Reckless indifference to human life requires that the defendant be subjectively aware that his participation in the felony involve[s] a grave risk of death." The prosecutor did not argue that Parker intended to kill, so that by "finding the special-circumstance allegation true, the jury necessarily found that [Parker] was a major participant in the crime and acted with reckless indifference to human life."

In analyzing the sufficiency of the evidence, this court relied on factors that the Supreme Court had deemed relevant in two recent opinions—one defining a "major participant" that was issued before the verdict in this case (*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), and one defining "reckless indifference" that was decided after Parker's trial (*Clark*, *supra*, 63 Cal.4th 522). We found substantial evidence that Parker was a "major participant" as *Banks* defined the term, and we concluded that, "[w]hile not all of [the factors identified in *Clark*] tend to reflect that Parker was indifferent to whether Weinreb lived or died, several do provide substantial support for the jury's finding."

We summarized our reasons for reaching the latter conclusion, a close issue with a decidedly mixed record, as follows: "Parker actively participated in arranging a robbery in which he anticipated and prepared for resistance and violence. He was present when the resistance and violence occurred and the victim was shot. He may not have been able to stop the unanticipated shooting, but he failed to render or summon aid when the need arose, instead abandoning the victim and fleeing with the stolen marijuana." We further held that the special-circumstance finding "disposes of Parker's argument . . .

4

that he is entitled to relief under the 2019 amendments to the felony murder rule. . . . [Citation.] [B]ecause the jury made the findings required by the new law and those findings are supported by substantial evidence, there is no basis for reversal."

Four months after we issued our opinion affirming his conviction, Parker petitioned for resentencing under section 1170.95. The trial court issued an order appointing counsel and directing the district attorney to file a response. After receiving that response and a reply by Parker, including a declaration describing how he would testify at an evidentiary hearing, the court denied the petition. It stated its reasons as follows: "[T]he court has looked at the file, has looked at the Court of Appeal decision, and [has found that] the following facts are clear: One, Parker was found guilty of first-degree murder on a felony murder theory. That is the only theory . . . presented at trial. [¶] Two, the jury was instructed with a modified version of . . . CALCRIM 703 that incorporated factors identified by [*Banks*]. [¶] Three, the jury found true a . . . section 190.2[, subdivision (a)(17)] allegation and found that [Parker] was a 'major participant' who acted with 'reckless indifference to human life.' [¶] And, four, in [Parker]'s direct appeal, the Court of Appeal expressly found that under the standards set forth in [*Banks*] and [*Clark,*] substantial evidence supported the jury's finding that [Parker] was a major participant who acted with reckless indifference to human life. [¶] The Court of Appeal has already concluded that Parker's jury[, in finding] the special circumstance allegation true[,] necessarily found true the very element that [SB 1437] would now require to be proved for the murder charge itself. (See also *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411.) [¶] Under these circumstances, the court finds that [Parker] is ineligible for any [section] 1170.95 relief. The court further rejects [Parker]'s argument that

5

[the] statutory scheme is intended to give [him] a second opportunity to litigate through new evidence the major participant/reckless indifference issue when that issue has already been fully litigated under the proper standards in the context of the special circumstance allegation." Parker timely appealed.

**Discussion**

SB 1437 "significantly modif[ied] the law relating to accomplice liability for murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted, Mar. 18, 2020, S260493.) "In its uncodified findings and declarations the Legislature stated, 'It is necessary to amend the felony murder rule . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Ibid.*)

SB 1437 also enacted section 1170.95, which authorizes petitions for resentencing. Subdivision (a) of the statute requires that a petition allege that the petitioner could not be convicted of murder because of changes in sections 188 and 189 made by SB 1437. Subdivision (c) creates a procedure to resolve such a petition: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.' "[3] The court shall appoint counsel (if requested), the prosecutor shall file a response, and the petitioner may file a reply. (*Ibid.*) "If

[3] We need not address the conflict between decisions holding that section 1170.95 requires a court to conduct *two* distinct reviews of a petition's prima facie sufficiency—one before appointing counsel or ordering a response, and a second before ordering an evidentiary hearing (e.g., *People v. Verdugo, supra,* 44 Cal.App.5th at pp. 327–328)—and the recent decision by our colleagues in Division One holding that the statute requires only *one* prima facie review (*People v. Cooper* (2020) 54 Cal.App.5th 106, 118). The trial court in this case conducted both reviews.

6

the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (*Ibid.*) Accordingly, a court will not hold an evidentiary hearing unless it first finds a prima facie showing of entitlement to relief. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 673, review granted July 8, 2020, No. S262481.)

Parker acknowledges that, in assessing whether he has made a prima facie showing of entitlement to relief, the trial court may consider the trial record and the opinion affirming the conviction. Here the record contains evidence supporting the jury's findings satisfying the elements of a felony-murder conviction under current law, as affirmed in this court's prior opinion. However, although the jury necessarily found that Parker acted with "reckless indifference," it did so based on an instruction that did not incorporate the elucidation of that concept subsequently provided by the Supreme Court in *Clark, supra,* 63 Cal.4th 522. *Clark* identifies "case-specific factors" that should be considered in assessing reckless indifference "in cases involving nonshooter aiders and abettors to commercial armed robbery felony murders." (*Id.* at p. 618.) Those factors include the defendant's knowledge of the use and number of weapons, "proximity to the crime and opportunity to stop the killing or aid the victim," "awareness his or her confederate was likely to kill," and "efforts to minimize the possibility of violence during the crime," as well as the duration of the crime, "that is, 'whether a murder came at the end of a prolonged period of restraint of the victims by defendant.' " (*In re Miller* (2017) 14 Cal.App.5th 960, 973 [summarizing *Clark, supra,* at pp. 618–623].)

Following *Clark*, the Judicial Council amended CALCRIM No. 703 by adding an optional provision stating, "When you decide whether the defendant acted with reckless indifference to human life, consider all the evidence. No one of the following factors is necessary, nor is any one of them

7

necessarily enough, to determine whether the defendant acted with reckless indifference to human life. Among the factors you may consider are: [¶] . . . [¶] Did the defendant know that [a] lethal weapon[s] would be present during the [underlying felony]? [¶] Did the defendant know that [a] lethal weapon[s] (was/were) likely to be used? [¶] Did the defendant know that [a] lethal weapon[s] (was/were) used? [¶] Did the defendant know the number of weapons involved? [¶] Was the defendant near the person(s) killed when the killing occurred? [¶] Did the defendant have an opportunity to stop the killing or to help the victim(s)? [¶] How long did the crime last? [¶] Was the defendant aware of anything that would make a coparticipant likely to kill? [¶] Did the defendant try to minimize the possibility of violence? [¶] <*insert any other relevant factors*>." (CALCRIM No. 703, bullet points and some brackets omitted.)

A year before *Clark*, while Parker's trial was underway, the Supreme Court issued *Banks*, *supra*, 61 Cal.4th 788, which clarified and narrowed the meaning of "major participant." The trial court was able to instruct the jury with a version of CALCRIM No. 703 that was modified to include the factors that *Banks* deems relevant to the major-participant inquiry. Therefore, we do not question that the jury's finding on the issue of major participation precludes Parker from relying on that issue to show that he could not be convicted of murder under current law. That issue was determined against him based on the criteria established by *Banks*, and we assume that section 1170.95 does not allow him to relitigate that issue.[4]

---

[4] Although Parker contended in passing below that he was entitled to an evidentiary hearing on the major-participant issue as well, his briefs on appeal seriously argue only that his prima facie showing entitles him to a hearing on the issue of reckless indifference.

However, the same is not true with respect to whether Parker's participation in the robbery leading to Weinreb's killing indicated a reckless indifference to human life. Although the jury so found, it did so based on an instruction that did not explain the factors the Supreme Court later determined to be relevant. While this court's affirmance did consider those factors in finding sufficient evidence in the record to uphold the jury's finding, Parker did not have the benefit of the court's clarification when deciding what evidence to present at trial and when arguing to the jury whether reckless indifference had been proven. And, most significantly, the jury was not told what those relevant factors are.

Thus, if the issue is presented to a trier of fact under the *Clark* criteria, the prior determination will not, as a matter of law, logic, or fairness, require the trier of fact to conclude that Parker's participation in the robbery reflected reckless indifference to human life. This is especially so if Parker presents additional evidence that he did not present at trial because the relevant factors had not been articulated, and because he chose to exercise his Fifth Amendment right not to testify.

In *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, No. S262011 (*Torres*), the Second Appellate District addressed a section 1170.95 petition challenging findings of major participation and reckless indifference made before *Banks* and *Clark*. (*Torres*, *supra*, at p. 1179.) The court held that "those jury findings alone do not preclude Torres from showing today that he could not be convicted of . . . murder as redefined by [SB] 1437." (*Ibid.*) By "clarifying what it means for an aiding and abetting defendant to be a 'major participant' . . . and to act with 'reckless indifference to human life,' [*Banks* and *Clark*] construed section 190.2 in a significantly different, and narrower manner" than prior decisions. (*Ibid.*) "Accordingly, in

9

determining if Torres could be convicted today of first-degree murder, we cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that Torres was a major participant who acted with reckless indifference to human life as those terms were interpreted at the time." (*Ibid.*) Two months later, the same division of the Second District applied the same rule to a similar case in *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835 (*Smith*).

The trial court here denied Parker's petition without holding an evidentiary hearing because the court concluded that section 1170.95 is not meant to give a defendant "a second opportunity to litigate through new evidence the major participant/reckless indifference issue when that issue has already been fully litigated under the proper standards in the context of the special-circumstance allegation." We assume this analysis is correct insofar as it applies to the major-participant issue which, as pointed out above, was tried under the correct standard as determined in *Banks*. However, the issue of reckless indifference was not "fully litigated under the proper standards," as subsequently determined in *Clark*. Although the evidence was held on appeal to be sufficient to uphold the finding, Parker was not given the opportunity to persuade the fact finder otherwise under the clarified standard, much less with the additional evidence he now seeks to present. Section 1170.95 entitles him to introduce such evidence if he makes a prima facie showing that he "could not be convicted of murder because of changes in sections 188 and 189 made [by SB 1437]." (§ 1170.95, subd. (a)(3)).

In holding that a prior finding under the pre-*Banks* and pre-*Clark* standards cannot justify the summary denial of a resentencing petition under section 1170.95, *Torres* cites a 2017 case involving such a special-circumstance finding that was challenged in a petition for a writ of habeas

10

corpus. (*Torres, supra,* 46 Cal.App.5th at p. 1179, citing *In re Miller, supra,* 14 Cal.App.5th 960.)[5] *Torres* cites *Miller* for the proposition that " '[a] [d]efendant's claim that the evidence presented against him failed to support [a] robbery-murder special circumstance [finding made prior to *Banks* and *Clark*] . . . is not a "routine" claim of insufficient evidence.' [Citation.] The 'claim does not require resolution of disputed facts; the facts are a given.' [Citation.] The question is whether they are legally sufficient in light of *Banks* and *Clark*." (*Torres, supra,* at p. 1179, quoting *In re Miller, supra,* at pp. 979–980.)

In *People v. Law* (2020) 48 Cal.App.5th 811, review granted, July 8, 2020, S262490 (*Law*), the Fourth District Court of Appeal, Division Two, held, in accord with *Torres*, that it is error to summarily deny a section 1170.95 petition based *solely* on a pre–*Banks* and *Clark* special-circumstance finding. (*Id.* at p. 821) But the Court of Appeal in that case went on to review the record itself and hold that, because that record included substantial evidence on the basis of which a jury could have found major participation and reckless indifference under *Banks* and *Clark*, the trial court's error in summarily denying the petition was harmless. (*Id.* at p. 825.) In *Smith,*

---

[5] We are aware of recent decisions holding that a person convicted of murder, and subject to a pre–*Banks* and *Clark* special-circumstance finding, may not seek resentencing by filing a section 1170.95 petition but must instead file a habeas corpus petition challenging the sufficiency of the evidence to support the special-circumstance finding. (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142 [holding that the reason such a defendant "could not be convicted" of murder "is not 'because of changes' made by [SB] 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*"], review granted Oct. 14, 2020, No. S264284.) Other courts have rejected that view. (See, e.g., *People v. York* (2020) 54 Cal.App.5th 250, 258–262.) Here, the Attorney General does not argue that Parker must seek relief via habeas corpus instead of under section 1170.95.

*supra*, 49 Cal.App.5th 85, the court rejected that harmless-error analysis. *Smith* holds that, in a case involving a pre–*Banks* and *Clark* special-circumstance finding, the court may not deny a section 1170.95 petition and decline to appoint counsel solely because the facts recited in the opinion affirming the conviction satisfy the standards set forth in *Banks* and *Clark*. (*Smith,* at p. 95.) Such review is inadequate, *Smith* holds, because the trial record is "not the only consideration that the trial court must take into account for purposes of section 1170.95." (*Ibid.*)

We agree with the *Smith* court's explanation: "Where the record of conviction does not preclude a petitioner from making a prima facie showing that he falls within the statute's provisions as a matter of law, the petitioner is not confined to presenting evidence contained in the record of conviction . . . . Section 1170.95 provides 'the petitioner may rely on the record of conviction or offer new or additional evidence to meet [his] burden[].' (§ 1170, subd. (d)(3).) . . . Smith may be able to provide evidence not presented at trial that would demonstrate either that he was not a major participant . . . or did not act with reckless indifference . . . . By ruling prior to the appointment of counsel, the trial court deprived Smith of the opportunity to develop, with the aid of counsel, a factual record beyond the record of conviction . . . . [¶] We therefore cannot conduct our own assessment of the trial evidence to determine whether Smith was a major participant and acted with reckless indifference to human life, or . . . use that record evidence to inquire whether the deprivation of counsel was harmless error, as [the Court of Appeal did] in [*Law, supra,*] 48 Cal.App.5th 811. . . . [The *Law* court] undertook its own analysis of the existing record facts . . . [and held that] any error [in not appointing counsel] was harmless, because counsel could not have obtained a more favorable result, '[g]iven the trial evidence.' [Citation.] [¶] We

respectfully disagree with this reasoning. In enacting [SB] 1437, the Legislature provided that a petitioner may meet his or her burden by offering new or additional evidence. Therefore, we cannot say at this stage of the proceedings that failure to appoint counsel was harmless 'given the trial evidence'; by the express terms of section 1170.95, subdivision (d)(3), counsel is not limited to the trial evidence." (*Smith*, *supra*, 49 Cal.App.5th at pp. 95–96.)

Here, unlike in *Smith*, the trial court did appoint counsel and allow Parker to file a reply. Nonetheless, in denying his petition without holding an evidentiary hearing, the trial court relied exclusively on the evidence on which the conviction was affirmed, without permitting Parker to present additional evidence or to convince the fact finder that he did not act with reckless indifference to life under the criteria articulated in *Clark*.

The Attorney General does not discuss the above authorities or develop a reasoned argument to support his assertion that, "Based on this court's prior holding alone, appellant was not entitled to relief."[6] The Attorney General contends that, even considering Parker's declarations, "the case file, and the parties' briefing," there is "significant evidence that [Parker] acted with reckless indifference to human life." But, as the cited cases point out,

---

[6] Without elaboration, the Attorney General cites *People v. Cornelius* (2020) 44 Cal.App.5th 54, review granted Mar. 18, 2020, No. S260410, and *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411. Neither supports the Attorney General's position. *Cornelius* held that a court did not err in summarily denying a section 1170.95 petition because the defendant was not convicted on a theory of felony murder or natural-and-probable-consequences liability, but as the actual killer. (44 Cal.App.5th at p. 58.) In *Gutierrez-Salazar* the defendant raised the newly enacted SB 1437 on direct appeal from his conviction. (38 Cal.App.5th at pp. 413, 416–417.) The court held that he was unentitled to relief because his jury had made special-circumstance findings of major participation and reckless indifference and he—unlike Parker—had not challenged the sufficiency of the evidence to support those findings. (*Id.* at p. 419.)

13

the sufficiency of the evidence at trial does not establish that Parker failed to make a prima facie showing that, under current law, he could not be found to have acted with reckless indifference. To make such a showing, he need not show that the record is devoid of evidence to support the prior finding. Section 1170.95 requires only that, if the issue has not already been decided under the correct standard, he identify evidence that, if credited, would enable a trier of fact to find in his favor. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 977–978.)

While conceding that Parker's declaration described relevant new evidence, the Attorney General also contends that the declaration contains admissions that support a finding of reckless indifference. But so long as Parker's proffered evidence would support a contrary finding, in determining whether an evidentiary hearing is required neither the trial nor appellate court may (and the trial court here did not) weigh the evidence. (See *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 982 [trial court reviewing prima facie showing "should not have evaluated and weighed the evidence but . . . accepted petitioner's asserted facts as true"].) Section 1170.95 assigns that task to the trial court, sitting as a trier of fact, only after it holds an evidentiary hearing and considers all evidence that is presented. (§ 1170, subd. (d)(3).)

## Disposition

The order denying the petition is reversed and the matter is remanded with directions to issue an order to show cause setting an evidentiary hearing.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.

14